IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SETH MOATES and         )
LISA MOATES,           )
                       )
        Plaintiffs,    )
                       )
v.                       )     Civ. Action No. 2:13-cv-459-WHA
                       )            (WO)
PLANTATION OAKS      )
HOMEOWNERS' ASSOC., INC.  )
                       )
        Defendant.   )

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This cause is before the court on a Motion to Dismiss Plaintiffs' Amended Complaint

(Doc. # 20), filed by the Defendant,[1] on August 29, 2013. The Plaintiffs filed their original

Complaint (Doc. # 1) in this case on June 28, 2013. On August 1, 2013, the Defendant filed its

first Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. (Doc. # 11.) On

---

[1] On August 22, 2013, Plaintiffs filed the Amended Complaint in this action and omitted Dale Pughsley as a Defendant. Pursuant to Rule 41, this amendment amounted to a voluntary dismissal and was without prejudice. Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing [...] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[, and] [u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."). Moreover, in the Plaintiffs' Notice of Voluntary Dismissal of Dale Pughsley (Doc. # 17), also filed on August 22, 2013, the Plaintiffs assert that their notice of voluntary dismissal did not "concern Mr. Pughsley, in his official capacity as a member of the Board of Directors for Plantation Oaks Homeowners Association, or his capacity as a member of the Plantation Oaks Homeowners Association, as is necessary to preserve Defendant Plantation Oaks Homeowners Association's ability to provide full relief to Plaintiffs." (Doc. # 17 at 1.) However, because the Plaintiffs omitted Dale Pughsley from their Amended Complaint, he is not a party in this case. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (noting that "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). Furthermore, in light of the Amended Complaint and voluntary dismissal in this action, the court will deny as moot Defendant's first Motion to Dismiss.

August 22, 2013, the Plaintiffs filed an Amended Complaint (Doc. # 16) and a Notice of Voluntary Dismissal of Defendant Dale Pughsley in his individual capacity (Doc. # 17). On August 29, 2013, the Defendant filed its Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. # 20.)

In the Amended Complaint the Plaintiffs bring claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, for failure to provide a reasonable accommodation and failure to permit a reasonable modification.

For reasons to be discussed, the Motion to Dismiss is due to be **DENIED**.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

### III. <u>FACTS</u>

The Amended Complaint includes these allegations:

Plaintiffs Seth and Lisa Moates are a married couple who have lived in Plantation Oaks, a subdivision in Elmore County, Alabama, since the summer of 2011. Mr. Moates has been a paraplegic for twenty-five years after a workplace accident left him with limited function in his legs. Because of this accident, Mr. Moates has required the use of mobility equipment, including a wheelchair, to move around.

Defendant Plantation Oaks Homeowners' Association, Inc. ("HOA"), an Alabama not-for-profit corporation, enforces the subdivision's Covenants as described in the Declaration of Protective Covenants for Plantation Oaks. The HOA is governed by the Plantation Oaks Board of Directors ("the Board"), an elected body with the authority to control the HOA's actions. The Board also appoints the members of the Architectural Review Committee ("ARC"), which functions to approve or deny new construction on Plantation Oaks lots.

Using a manual wheelchair has caused Mr. Moates additional strain on his body. Therefore, Mr. Moates has been prescribed and is preparing to use a power wheelchair. To transport the wheelchair from his home in Elmore County to work in Birmingham, Alabama, Mr. Moates wants to purchase and install a wheelchair lift on the back of his personal vehicle. However, such a modified vehicle will not fit in the current garage attached to the house. Because of that, the Plaintiffs want to build a larger, separate garage capable of housing the newly modified vehicle and physical therapy equipment.

On March 18, 2013, the Moateses finalized a proposal with a contractor to build a detached accessory building on their Plantation Oaks lot. The Moateses intended to use the

building both as sheltered parking for the modified vehicle and as extra space for storing Mr. Moates's physical therapy equipment. The HOA Covenants allowed the building of detached garages and storage buildings with ARC approval, without size restrictions. On March 20, 2013, the Moateses submitted to the ARC their proposed building plans for approval. The original application specified that the proposed building would be sixteen feet by thirty feet in size, would be wheelchair accessible, and would use materials that reasonably matched the Moateses' home.

The ARC denied the Moateses' initial request on April 8, 2013 for the stated reason that alternate garages and structures were inconsistent with the other Plantation Oaks homes and not in the best interest of the neighborhood. The Covenants were changed to make the building requested by the Moateses prohibited. Subsequently, on April 11, 2013, the Moateses attended a meeting of the Board. At the meeting, the Moateses asked the Board to approve the proposed building as a reasonable accommodation under the FHA. The Board did not approve the Moateses' request, but ordered the ARC to resolve the issue with the Moateses.

On May 6, 2013, the Moateses resubmitted their proposal to the ARC. The new application stated that the proposed building would shelter the Moateses' modified vehicle. The application also requested that the building be allowed as a reasonable accommodation under the FHA.

On May 28, 2013, the ARC informed the Moateses that their second application had been denied. The ARC gave the stated reasons that the proposed building failed to meet the Covenants' allowable standards and that the Moateses had failed to demonstrate the need for a detached, covered parking area as it related to Mr. Moates' disability. On June 6, 2013, the Moateses met with two ARC members and the Vice President and Secretary of the Board. The

meeting concluded with the Plantation Oaks representatives allowing the Moateses to build the proposed building, but only on the condition that the Moateses bring the property back into compliance with the Covenants when and if the Moateses sold their house or the accessory building was no longer needed by the Moateses. To bring the building back into compliance, the Moateses would need to either alter the building to conform to the Covenants, seek a permanent variance from the ARC at a future date, or demolish the building at the Moateses' expense. The Moateses rejected this proposal as an unreasonable condition. The accessory building will cost the Moateses approximately $30,000 to build.

On June 24, 2013, the Board dissolved the original ARC and created a new ARC. On June 27, 2013, the new ARC conditionally approved the Moateses' proposed building as a needed and reasonable accommodation under the FHA, but it still required the owners of the property to bring the property into compliance after the need for the building ended. The Moateses rejected this proposal, and this suit was filed the next day. Mr. Moates has ordered a motorized wheelchair with his physician's prescription.

The Plaintiffs seek a declaratory judgment, an injunction to require the Defendant to approve their requested accommodation or modification without the required restriction, and damages.

## IV. <u>DISCUSSION</u>

The HOA argues that the Moateses have not stated a claim for which relief can be granted, that the Moateses lack standing in this case, and that the case is moot. The HOA also argues that injunctive relief is inappropriate because the requested relief is too speculative. For

the following reasons, the HOA's arguments fail, and the Motion to Dismiss is due to be **DENIED**.

Neither party has set forth sufficient arguments to determine whether the claim at issue in this case concerns a modification, an accommodation, or both.[2] Based on the arguments made by the parties, however, such a determination is unnecessary at this point in the litigation. The court examines the arguments of both parties as to the general grounds for the suit.

Discrimination on the basis of a handicap under the FHA includes "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises" or "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(A)–(B). The FHA defines a "handicapped individual" as one who has "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) be[en] regarded as having such an impairment." 42 U.S.C. § 3602(h)(1)–(3). "Major life activities means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 24 C.F.R. § 100.201 (2008).

To state a prima facie case for failure to provide a reasonable accommodation, a plaintiff must establish that (1) he is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an

---

[2] The Moateses assert that this is predominantly a claim related to a constructive denial of a modification because it involves construction of a new building on the Moateses' existing lot. (Doc. # 24 at 5.) The HOA contends that the claim relates to an accommodation. (Doc. # 21 at 20.)

opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation. *Hawn v. Shoreline Towers Phase 1 Condo. Assoc.*, 347 F. App'x 464, 467 (11th Cir. 2009).

The Amended Complaint contains sufficient allegations that Mr. Moates is a handicapped individual. Mr. Moates is a paraplegic and cannot walk. He has been confined to a wheelchair for twenty-five years. Mr. Moates is a handicapped individual under the FHA, and he has sufficiently alleged that he satisfies the first element of the prima facie case. 42 U.S.C. § 3602(h)(1); 24 C.F.R. § 100.201.

Furthermore, the Amended Complaint contains sufficient factual allegations to defeat a motion to dismiss on the second element that the Moateses requested a reasonable accommodation. The Moateses submitted an application to the ARC with explicit language that the application was a request for a reasonable accommodation from the HOA's Covenants, especially as they concerned alternate garages. The Moateses desire a modified vehicle capable of transporting the new, prescribed power wheelchair that Mr. Moates has ordered. Moreover, the Amended Complaint states that the lift will not only allow the power wheelchair to be transported, it will prevent Mr. Moates from experiencing additional and unnecessary strain, suffering, and pain. Finally, the Moateses point to the need for a sheltered parking area for the modified vehicle so as to prevent weather damage, property theft, and any of the other numerous risks that arise from on-street parking. Based on these allegations, the Moateses have pled facts sufficient to proceed beyond a motion to dismiss and to allow further factual development to determine reasonableness. *Jankowski Lee & Assocs. v. Cisneros*, 91 F.3d 891, 896 (7th Cir. 1996) ("Whether an accommodation is 'reasonable' is a question of fact, determined by a close examination of the particular circumstances."); *Solodar v. Old Port Cove Lake Point Tower*

7

*Condo. Ass'n*, No. 12-80040-CIV, 2012 WL 1570063, at *6 (S.D. Fla. May 2, 2012) (stating that the determination of whether a reasonable accommodation has been granted "requires a factual analysis not appropriate at the motion to dismiss stage"); *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1328, 1338 (S.D. Fla. 2007) (denying summary judgment because of the fact-specific inquiry of whether plaintiffs' accommodation request was reasonable).

In addition, the Moateses have pled sufficient allegations to defeat a motion to dismiss on the third element that the requested accommodation is necessary to afford Mr. Moates the opportunity to use and enjoy his dwelling. "'[E]qual opportunity' can only mean that handicapped people must be afforded the same (or 'equal') opportunity to use and enjoy a dwelling as non-handicapped people, which occurs when accommodations address *the needs created by the handicaps*." *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008) (emphasis in original). The Amended Complaint alleges that the power wheelchair and the power wheelchair lift will alleviate unnecessary pain and suffering associated with Mr. Moates's disability. Moreover, others in the neighborhood are allowed to park their vehicles in garages, thus affording protection. Affording Mr. Moates a similar opportunity by allowing a larger garage wherein he can park his car, in the same way as his neighbors, plausibly will grant Mr. Moates the same peace of mind and security as everyone else in Plantation Oaks. Thus, based on the factual allegations in the Amended Complaint, the Moateses have sufficiently pled the third element to defeat a motion to dismiss and to warrant further development of the facts to determine necessity. *See id.*, 544 F.3d at 1228 (discussing necessity as a fact issue); *Hawn*, 347 F. App'x at 468 (same); *see also 10th Street Partners, L.L.C. v. Cnty. Comm'n for Sarasota Cnty., Fla.*, No. 8:11-cv-2362-T-33TGW, 2012 WL 4328655, at *8 (M.D. Fla. Sept. 20, 2012) (stating that whether a reasonable accommodation is necessary is a highly fact-specific inquiry);

*Akridge v. City of Moultrie, Ga.*, No. 6:04CV31(HL), 2006 WL 292179, at *8 (M.D. Ga. Feb. 7, 2006) (same).

Finally, the Moateses have sufficiently pled facts to defeat a motion to dismiss on the fourth element that the HOA refused to make the accommodation. First, "[u]nder the Fair Housing Act, […] a violation occurs when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings." *Bryant Woods Inn, Inc. v. Howard Cnty., Md.*, 124 F.3d 597, 602 (4th Cir. 1997) (quoted approvingly in *United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 878 n.5 (11th Cir. 2011)). The ARC's initial denial of the proposed building could be found to constitute a violation of the FHA, and thus the fourth element has been sufficiently pled to defeat a motion to dismiss. Second, the HOA conditioned final approval of the garage with the restriction that, when the necessity for the garage ends, the building will have to come into compliance with neighborhood Covenants. As stated in the Amended Complaint, the HOA listed three potential outcomes in the future: "(a) alter the building to conform with Covenants; (b) seek a permanent variance from the ARC at a future date, to be granted or denied at the HOA's discretion at that time; or (c) demolish the building, at the Moateses' expense." (Doc. # 16 at 8.) Under any of these three options, there is a potential that the Moateses, as persons affected by a disability, may receive different treatment than persons who are not handicapped individuals. Under this condition, at some point in time, the accommodation offered may lead to some form of financial detriment for the Moateses, whether from a tangible expenditure of funds to alter or demolish the building or from a lowered resale value due to the future homeowner's liability on the property. The Moateses may have been disadvantaged on the basis of their disability, and therefore, under the allegations of the Amended Complaint, they plausibly were right to view the conditional approval as a constructive

denial. Thus, the Amended Complaint's allegations are sufficient to defeat a motion to dismiss on the fourth element and to allow further development of facts on whether the condition constituted a constructive denial or whether the condition was reasonable. *See Groome Res. Ltd. v. Parish of Jefferson*, 234 F.3d 192, 199–200 (5th Cir. 2000) (finding that an indeterminate delay in that case, while not a formal denial of a request for accommodation, "had the same effect of undermining the anti-discrimination purpose" of the Act and therefore amounted to a constructive denial).

Moreover, based on the language of 42 U.S.C. § 3604(f), disability discrimination includes "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises." For many of the same reasons listed in the Amended Complaint, as with the Moateses' accommodation request, the HOA plausibly has both expressly and constructively refused the Moateses' reasonable modification of their lot necessary for them to be afforded full enjoyment of the premises. Therefore, the Moateses have sufficiently pled a claim for which relief can be granted so as to defeat a motion to dismiss, and the HOA's argument on that point fails.

Furthermore, the claim is not moot as the HOA contends. As explained, accepting the allegations of the Amended Complaint, the HOA plausibly expressly and constructively denied the Moateses' request by placing an unreasonable burden on the proposed building. Because the injury is ongoing for as long as the condition remains, thus effectively denying the Moateses their ability to construct their garage, and because an injury occurred when the ARC first denied the Moateses' request, the claim is not moot. *Fla. Pub. Interest Research Grp. Citizen Lobby, Inc. v. EPA*, 386 F.3d 1070, 1086 (11th Cir. 2004) (stating that, because "the potential for real

and concrete injury continue[d], and injunctive relief may [have been] appropriate" in that case, "the controversy [had] not been mooted" by the Defendant's actions).

In addition, the Moateses have standing in this case. The HOA argues that the Moateses have not suffered any injury-in-fact and that the case is thus not ripe. Specifically, because the Moateses have not yet acquired the power wheelchair or wheelchair lift, they have not suffered any injury. However, such a level of completeness is not required for an injury to have occurred. Instead, "the imminent threat of future injury [can be] enough to make [a] case ripe for review." *Ecee, Inc. v. Fed. Energy Regulatory Comm'n*, 611 F.2d 554, 557 n.7 (5th Cir. 1980).[3] In this case, the injury is imminent. It is alleged that Mr. Moates has ordered his chair, and as the situation currently stands, he will not be able to shelter and protect his chair adequately upon arrival. Thus, the injury is imminent, and the case is ripe for review. Furthermore, as the Moateses argue, an injury under the reasonable accommodation statute occurs as soon as the request is denied. *See Caron Found. of Fla. v. City of Delray Beach*, 879 F. Supp. 2d 1353, 1365 (S.D. Fla. 2012). Likewise, the injury in a request for a reasonable modification must necessarily occur at least when the request is refused. Because the Moateses have allegedly been injured in this case by the HOA's constructive denial of their request and by the initial express denial, the Moateses have standing to bring this action and the claim is ripe.

Finally, the HOA argues that the injunctive relief requested by the Moateses is too speculative to be warranted. However, the Moateses have effectively requested the court to remove the condition from the current agreement and ensure that the stated conditions are not enforced as to the Moateses' second garage. Such a request is neither too speculative nor too complex, and therefore this argument fails. *Pennsylvania v. West Virginia*, 262 U.S. 553, 593

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

(1923) ("One does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough.").

## V.  <u>CONCLUSION</u>

The court finds that the allegations of the Amended Complaint are sufficient to allow the case to advance past the pleading stage, subject to consideration of subsequent motions which might be made after factual development.

For these reasons, the Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is **DENIED**. Furthermore, Defendant's first Motion to Dismiss Plaintiffs' Complaint is due to be **DENIED AS MOOT**.

 Done this 7th day of October, 2013.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE